IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No. 19-cr-10057 |
| THOMAS BAUER, | |
| Defendant. | |

**RESPONSE TO DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE**

Now comes the United States of America by Gregory K. Harris, United States Attorney and Darilynn J. Knauss, Assistant United States Attorney, and in response to the Defendant's Motion for Compassionate Release (R.41) submits the following response.[1]

The Defendant has served less than two years of a 78-month sentence. (Exhibit 1) He states that he suffers from serious health conditions, including sleep apnea, ADHD, high blood pressure, asthma, palpitations, migraines, gastroesophageal reflux disease, and restless leg syndrome. He has been vaccinated. Of his stated health concerns, the Bureau of Prisons records reflect

---

[1] Our citations to the record use the following abbreviations: "d/e" means "docket entry"; "R." followed by a number refers to a document or transcript in the record bearing that number on the district court's docket sheet, and PSR refers to the presentence investigation report (R.30).

1

sleep apnea, asthma, and anxiety disorder. (Exhibit 2) This Defendant should not be released.

I. **Factual and Procedural Background**

The Defendant was charged in Count 1 of the Indictment with Attempted Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). That charge carried a mandatory minimum 10 years imprisonment and up to life imprisonment. He was charged in Count 2 with Soliciting an Obscene Visual Depiction of a Minor, in violation of 18 U.S.C. §§ 2252(A)(a)(3)(B) and (b)(1). That charge carried a sentence of at least five years' imprisonment and up to 20 years' imprisonment.

In a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) (referred to herein as a "C" agreement), the Defendant pleaded guilty on May 11, 2021, to Count 2 of the Indictment charging Soliciting an Obscene Visual Depiction of a Minor. Pursuant to the agreement of the Defendant and the government, the Defendant was to be sentenced to 78 months' imprisonment and five years' supervised release. d /e 5/11/21; R.32

As set forth in the presentence report, the Defendant used online applications to have conversations with an FBI Online Covert Employee (OCE). During the conversations the OCE told the Defendant that she was 15. Later, the Defendant asked the OCE to send a photo of her engaging in sexually explicit

conduct. He asked her what she had done with the other guys she met on MeetMe and that OCE said that she had sex and oral sex with them. The Defendant also told the OCE that he had met another girl, but she was too far away.

In arranging to meet, the OCE told the Defendant to bring condoms, which he replied, "yea lol." When the defendant arrived at the meeting place in Peoria, he was arrested. He had in his possession a cell phone and two condoms. After waiving his *Miranda* rights, the Defendant stated that he was originally just looking to have sex and then decided he just wanted to hang out and talk. (PSR, ¶¶ 17-27)

The Defendant had no criminal history. R.30, ¶¶ 45-48

For the count of conviction, the Defendant's statutory sentencing range was a mandatory minimum of five years and a maximum term of 20 years. Per the terms of the plea agreement, the Defendant was sentenced to 78 months' imprisonment and supervised release for five years.

The Defendant went into custody July 20, 2021, and his projected release date is January 29, 2027. (Exhibit 1) He is currently housed at FCI Milan.

II.   **The Instant Motion**

In seeking release, the Defendant contends that he has an extraordinary and compelling reason for release due to his health conditions, that being obstructive

sleep apnea, ADHD, high blood pressure, asthma, palpitations, migraines, gastroesophageal reflux disease, and restless leg syndrome. R. 42, p.3.

According to his motion, the Defendant has received the Johnson & Johnson single dose COVID-19 vaccine. Exhibit 3. He maintains that he has not been able to receive any additional boosters, despite his interest and willingness to do so.R.42, p.3.

**Legal Standard**

In evaluating what provides an extraordinary and compelling reason for release, the policy statement found in USSG § 1B1.13 gives courts a nonbinding "working definition" of what constitutes an extraordinary and compelling reason justifying compassionate release. USSG § 1B1.13; *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). *See United States v. Welker*, No. 13-cr-10061, 2020 WL 7091540, at *2 (C.D. Ill. Dec. 4, 2020) (summarizing the continued relevance of USSG § 1B1.13 after *Gunn* and giving great weight to the Sentencing Guidelines regarding motions for compassionate release even though they are not binding").

The policy statement provides that a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction; "(ii) "the defendant is not a danger to the safety of any other person or to the community,

as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with the policy statement." USSG § 1B1.13.

The application note sets out conditions that qualify as "extraordinary and compelling reasons" related to the defendant's medical condition, defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1 (A)-(C). "Family circumstances" include "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13 (C)(2).

Finally, a defendant cannot prevail on a request for compassionate release without demonstrating that a reduction is appropriate in light of the § 3553 factors. 18 U.S.C. § 3582(c)(1)(A). These factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; and (3) the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553 (a)(1)-(2).

As the movant, the defendant bears the burden of establishing that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). In reviewing an inmate's motion, district courts should give substantial weight to the BOP's

5

analysis of whether the inmate presents extraordinary and compelling reasons for release. *Gunn,* 980 F.3d at 1180.

## ARGUMENT

The Defendant's Motion fails because he has not presented an extraordinary and compelling justification for release, his sentence was and still is appropriate, and the § 3553 factors do not support release.

**I.     Defendant has exhausted his administrative remedies.**

Exhaustion of administrative remedies in this case is not at issue as Defendant has met this mandatory step. *United States v. Sanford*, 986 F.3d 779 (holding the exhaustion requirement under § 3582(c)(1)(A) to be mandatory before a district court can entertain a compassionate release request.

The Defendant filed his request with BOP seeking release based on COVID-19 concerns, health issues, conditions at FCI-Milan, and "the ongoing pandemic." Exhibit 4. The request was subsequently denied on January 8, 2022. In denying the request, the warden noted that the Defendant's current medical condition, with or without the spread of COVID-19, did not meet the criteria for compassionate release. Exhibit 5.

The Defendant has met his burden of establishing exhaustion.

**II.    The Defendant has failed to establish an extraordinary and compelling reason for a reduction in sentence.**

6

The Defendant has not established an extraordinary and compelling reason for release. In his motion, he alleges that he has "numerous health conditions that compromise his immune system." R.41, ¶2. Defendant also alleges that he is disabled but offers no further information as to the nature of the disability. R.42, p.4.

The presentence report prepared in this case states that the Defendant previously took medication for high blood pressure, has asthma for which he uses an Albuterol inhaler on an as needed basis, has taken medication for ADHD since 1992, has suffered from headaches on and off for the previous ten years, has been diagnosed with sleep apnea and suffered from restless leg syndrome wince 2019. R.30, ¶¶66-71.

### A. Medical Condition

Upon the Defendant's arrival at FCI-Milan in July 2021, he was seen in Health Services. At that time, he was found to have asthma (which had been diagnosed 5-10 years previously) and sleep apnea (which had ben diagnosed five years previously). For his asthma, he uses albuterol up to two times per day and for his sleep apnea, he uses a C-Pap machine nightly. Exhibit 6. On February 24, 2023, anxiety disorder was added to the list of health problems. Exhibit 2. **He has no work restrictions and the only restriction to his housing is that he sleep on a lower bunk because of his C-pap machine. Exhibit 7.

The Defendant received the COVID-19 Janssen vaccine on July 21, 2021. Exhibit 3. The Defendant refused the influenza vaccination. Exhibit 8.

In sum, according to the Bureau of Prisons, the Defendant has asthma, sleep apnea, and anxiety disorder. He has been vaccinated, has no work restrictions, and fails to establish an extraordinary and compelling reason for release.

### B.  § 3553(a) Factors

As charged in the indictment, Count 1, charging attempt enticement of a minor, carried a statutory sentence of at least 10 years and up to life. Count 2, charging soliciting an obscene visual depiction of a minor, carried a statutory sentence of at least five years and up to 20 years imprisonment. Pursuant to a C agreement between the Defendant and the government, the Defendant pleaded guilty to Count 2 for a sentence of 78 months' imprisonment. Count 1, requiring a mandatory minimum 10-year-sentence, was dismissed.

As set forth in the presentence report, on October 23, 2019, an FBI Online Covert Employee (OCE) known as "Baily" was conducted an undercover operation on a digital dating application known as MeetMe, an online dating site. A conversation developed between Baily and the Defendant that moved from MeetMe to Snapchat. A major feature of Snapchat is that pictures and messages are only available for a short time. Baily posted a profile that stated that she was 18 and interested in men. Later, she made a notification that she was 15 years old.

When asked what kind of fun he wanted, the Defendant said FWB ("friends with benefits") or NSA ("no strings attached"). Baily then told him that she was a little younger than her profile. The Defendant asked if she had Snapchat or Kik, to which she replied Snapchat. He then asked to add her.

When asked what she was doing that night, Baily said that her mom was gone for the night and did not leave her any booze. After getting a picture of the Defendant, Baily stated that she was 15. She then sent the Defendant a picture of a female FBI Confidential Human Source.

The Defendant called Baily. During the conversation, the Defendant said that he had sent a girl money and then he got ripped off because the girl unfriended him. The Defendant said that he was in Bloomington and Baily said that she was in Peoria. The Defendant said he would come to Peoria. He stated, "im little nervous cause your young. How I know you not police…"

Baily asked him to bring some "Mike's hard so I won't be nervous." Later he asked for a picture of her vagina, to which she responded that he would see it when he got there.

The conversation continued on Snapchat. The defendant asked if Baily's mother left her alone a lot, and Baily said she did but that her mom did not care what happened as long as she did not get pregnant. The Defendant said that he

was bringing condoms. During the conversation, he also stated that he had met one other girl, but she was too far away.

On November 3, 2019, when the Defendant arrived at the meeting place in Peoria, he was arrested. At that time, he possessed a cell phone, two condoms and had a firearm in his vehicle.

After *Miranda,* the Defendant stated that he was originally looking to have sex with the female, and then decided he just wanted to hang out and talk. He also stated that he was having marital issues with his wife and just needed someone to talk to and hangout. He also asked," Is it illegal to just hangout with a 15, 16, or 17 or whatever?" R.30

The Defendant's criminal conduct was not limited to one or two days but continued over the course of at least 10 days. His chats also revealed that this was not the first time that he had engaged in such chats. When confronted, he did not seem to understand the gravity of the conduct.

The Defendant received the benefit of a plea agreement, one which got him out from under a 10-year mandatory minimum sentence. Now, he wants the benefit of that agreement and more. All that has changed is that he now has anxiety disorder in addition to asthma and sleep apnea. The Defendant was sentenced to 78 months' imprisonment. He went into custody on July 20, 2021,

10

and his projected release date is January 29, 2027. He has served less than two years of his sentence.

The Defendant's sentence was sufficient but not greater than necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring other criminal conduct, and protecting the public from further crimes. 18 U.S.C. § 3553(a)(1), (a)(2). Granting him a reduction to anything else would not serve those purposes and is not a worthy exercise of this Court's discretion.

### III.   CONCLUSION

WHEREFORE, the Government respectfully requests the Court deny the Defendant's Motion in that the sentence in this case, namely the Defendant's third revocation of supervised release.

Respectfully submitted,

GREGORY K. HARRIS
UNITED STATES ATTORNEY

By:   */s/ Darilynn J. Knauss*
Darilynn J. Knauss
Assistant U.S. Attorney
U.S. Attorney's Office
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Tel: 309-671-7050
Darilynn.Knauss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Mr. Thomas Drysdale

/s/ Brianna M. Gibbs
Legal Assistant