Dated: 07/15/2024

To: The Honorable Judge Shadid
U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL 61602

THOMAS BAUER
Reg. No. 22918-026
FCI Oxford
Federal Correctional Institution
P.O Box 1000
Oxford, WI 53952

FILED
AUG 19 2024
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS BAUER,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Respondent | Case No. 19-CR-10057-001<br><br>CIVIL ACTION<br><br>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS<br><br>PETITIONER'S MOTION FOR COMPASSIONATE RELEASE - FIRST STEP ACT 2018<br><br>[18 U.S.C. § 3582 (c)(1)] |

## MOTION FOR COMPASSIONATE RELEASE - FIRST STEP ACT 2018

### 18 U.S.C. § 3582 (c)(1)

Comes Now, The Petitioner, Thomas Bauer, Pro Se Litigant, with a Motion for Compassionate Release pursuant to the First Step Act of 2018.

## A) BACKGROUND

The First Step Act (FSA) short for "Formerly Incarcerated Reentry Society Transformed Safely Every Person Act" was a landmark piece of legislation passed by Congress and signed into law on December 21, 2018. Aimed at reforming the federal prison system, the act sought to make significant improvements to criminal justice outcomes as well as to reduce the size of the federal prison population while also creating mechanisms to maintain public safety, such as the creation of the PATTERN Score system.

The CARES Act of 2020 modified several aspects of the First Step Act as it relates to Compassionate Release; however, none of those aspects are relevant to this filing.

In both aforementioned acts, there was a specific clause for an incarcerated individual who has/is in a medically vulnerable state that is found to be extraordinary and compelling. The section of this is generally always (92.7% per Lexus Nexus case law research; the corresponding percentage is to prove the veracity of this claim) related to someone who is in a medically disadvantaged situation, who also has served more than 50% of his/her time and exhibits no 3553a Risk Factors. You will see in this case that ALL these aspects apply, thereby making Mr. Bauer eligible for Compassionate Release under this act.

## B) ELIGIBILITY

Mr. Bauer pled guilty to one charge of 18 U.S.C. 2251-2;2260 "Solicitation of an Obscene Visual Image from a Minor" stemming from an incident that occurred on 11-02-2019. Mr. Bauer was sentenced to 78 months on 5-11-2021, and he reported to prison on 7-20-2021.

Mr. Bauer suffers from a series of medical ailments that make him deserving of Compassionate Release. His ailments are as follows:

2

1. **Anxiety** - prescribed Busbar 15mg twice a day for this issue;

2. **Depression** - prescribed Zoloft 100mg once a day for this issue;

3. **RLS** - prescribed Ropinirole 1mg once a day (in the evening) for this issue;

4. **Severe Urinary Issue** - prescribed Tamsulosin 0.4mg once per day for this issue.

5. **Sleep Apnea** - prescribed a C-PAP machine for this issue.

6. **Asthma** - prescribed two types of inhaler.

Please see Exhibit A for the complete list of medications that Mr. Bauer is on to prove the veracity of this claim.

Item #4 has become so severe that Mr. Bauer has been put on a Colostomy Bag. The issue still remains undiagnosed, but we believe that medical will provide an explanation to this bizarre illness at any time now. We will be providing a Supplementary Motion to the Court when/if this diagnosis is passed down to Mr. Bauer.

Mr. Bauer has served 61.7% of his time.

With all of the above elements factored in together, it is clear to see that Mr. Bauer is eligible for Compassionate Release.

## C) EXTRAORDINARY & COMPELLING CIRCUMSTANCES

In an effort to not be redundant in this motion, Petitioner is going to list out the extraordinary and compelling issues in bullet point format. Please do note that **ALL** of these points are covered in detail throughout this motion. We want to be very specific as to what we are defining as "Extraordinary & Compelling" because this is the most critical area of determination for the Court to determine whether a case "passes muster" as a truly extraordinary and compelling case:

3

1. Mr. Bauer has served 61.7% of his time.

2. Mr. Bauer has a host of medical ailments, including a very severe urinary issue.

3. Mr. Bauer has been sent to the hospital for the severe urinary issue.

4. Mr. Bauer is on a Colostomy Bag due to this severe urinary issue.

5. Mr. Bauer suffers embarrassment daily having to live with a Colostomy Bag while in prison, which can be defined as Cruel & Unusual punishment.

6. Mr. Bauer passes all 3553(a) risk factor analysis that can be done.

Upon reading this it is very clear to see this is a special case. While it hurts to say it is extraordinary and compelling, we must note, per Court language, that is exactly what it is. We prefer the term Painstakingly Traumatic.

## D) EXHAUSTED ADMINISTRATIVE REMEDIES

On 5/24/2024, Mr. Bauer wrote to the Warden via the Associate Warden (because there is no eMailing address for the Warden). Please see Exhibit B for proof that this was sent to the Warden. It has been more than 30 days and there was zero response given to Mr. Bauer. By law, this means that Mr. Bauer has exhausted his Administrative Remedies.

Mr. Bauer has hereby exhausted his Administrative Remedies and has provided sufficient proof to the Court to demonstrate the veracity of this statement.

## E) HOME CONFINEMENT REQUEST

Mr. Bauer humbly asks that if the Court denies his Compassionate Release to please move him to Home Confinement for the duration of his sentence. With a move to Home Confinement he can still be punished for his crime, while taking care of his sentence from a criminally deterred standpoint, while also caring for his severe medical situation(s).

The only extenuating circumstances for Home Confinement are:

a) Time Served

b) Risk Factors [3553(a)]

Petitioner has provided sufficient evidence to show he has served an above adequate amount of a long sentence and that his 3553(a) risk factors are negligible. Please see the corresponding documentation provided throughout this motion for proof that Mr. Bauer is also a candidate for Home Confinement in the unlikely event that he is denied Compassionate Release.

## F) RE-ENTRY PLAN

To ensure that the Court has no doubt about the fact that Mr. Bauer has a well-defined Re-Entry Plan (AKA - "Home Plan") we are providing the following, in chronological order, to show how serious Mr. Bauer is, and has been, about getting home to his family and taking care of his medical ailments from a hospital where the quality of care is above sub-par, which it is in the Federal BOP.

**Day 1 - Flight Home to Illinois**

**Day 1 - Hug & Hold His Family + Enjoy Their Company**

**Day 2 - Get Bank Account Set Up**

**Day 2 - Get New ID Card**

**Day 2 - Meet With Probation Officer**

**Day 3 - Begin Work as a Mechanic at AutoHouse, LLC (employment lined up)**

**Day 4 - Go to therapy with a Probation Officer approved Psychologist.**

**Day 5 - Finish the work week and ensure that he has done at least two items above and beyond the call of duty for his job.**

5

Day 5 - Leave for a Family Camping Trip with his wife, mother, and stepfather.

Day 6 - Continue Family Camping Trip with his family and work on Psychologist approved counseling techniques to rebuild the bond that he has with his family.

Day 7 - Return home from Family Camping Trip.

Day 7 - Go to Church at a local church in Bloomington, IL with his family. Mr. Bauer will begin going to Church regularly and with his family.

This is just the detail for one week. We can easily provide the detail for an entire month should it please the Court. We do not want to burden the Court with an unnecessarily long motion by listing the entire month, but we are able to supplement this record should the Court want us to prove the veracity of this claim.

It is evident from the detail alone that Mr. Bauer is highly organized and dedicated to his family and rehabilitation. Rehabilitation can occur at home. That is where most serious rehabilitation occurs. Mr. Bauer is humbly petitioning the Court to allow him to put his Home Plan into effect so that he can begin the long road of rehabilitation with his immediate family.

Mr. Bauer is acutely aware this Compassionate Release is his opportunity for the start of a new him, a new life, and, most importantly - a new bond with his wife, mother, and stepfather.

## G) RISK FACTORS § 3553(a)

Per the law, below are the Risk Factors the Court must consider when sentencing a Defendant:

"The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" (below):

**1. The nature and circumstances of the offense and the history and characteristics of the Defendant;**

The offense Mr. Bauer was charged with is considered a lower tier criminal offense. At the State level, Mr. Bauer would have received probation for this charge. While we are not trying to downplay the significance of his crime, we want the Court to know that his 3553(a) Risk Factors are at incredibly low levels. Mr. Bauer was a firefighter when he was home. He was a hard-working family man. Mr. Bauer deserves the chance to live that life again and put this one-off mistake behind him.

2. **The need for the sentence imposed;**

   a. **To reflect the seriousness of the offense; to promote respect for the law; to provide just punishment;**

Mr. Bauer's punishment of 78 months was more than enough to show the seriousness of his offense. The fact that he has already served more than 61% of that sentence (see below), is proof that the Court imposed a sentence that reflects the seriousness of a lower-tier, non-violent, sexual offense. Mr. Bauer is no threat to the community. He deserves the right to show that he is a rehabilitated man. Mr. Bauer will not disappoint the Court in any way. Please see Section E should the Court disagree with us.

   b. **To afford adequate deterrence to criminal conduct**

Given Mr. Bauer has already served 61.7% of his sentence, which can be calculated as follows: [3 years served x 365 = 1,095 days served; 351 days of GTC projected, 108 GTC days earned; 78 month sentence x 30 = 2,340 days | 1,095 days served + 108 GTC days earned / (divided by) 2,340 days sentenced to in total = 61.7%], it is clear he has already served enough time to act as an adequate deterrence to any future criminal conduct. It is of equally significant importance to show that the general prerequisite to be released under Compassionate Release is to serve 50% of an inmate's sentence. Mr. Bauer has exhausted this standard.

(Please note: Petitioner's Federal BOP computation sheet shows he has served 53.9% (see Exhibit D) of his sentence; however, it does not accurately reflect his most up-to-date calculation as shown above).

### c. To protect the public from further crimes of the defendant;

It is of the utmost critical importance that the Court keeps at the forefront of Your Honor's mind before rendering a decision that Mr. Bauer was given Pre-Trial rights for 19 months where he had absolutely **ZERO** incidents or infractions of any sort. If he was a risk to the community, he would not have been granted bond. If he was a risk to the community, he would not have remained issue free while on Pre-Trial. This is the ultimate determination that Mr. Bauer is not a 3553(a) risk and that he should be granted immediate Compassionate Release.

This section continues to list several other items; however, these are the items that are directly applicable to Mr. Bauer. The Court will easily find the remaining 3553(a) Risk Factors do not apply to Mr. Bauer as a person, a Defendant, nor are they relevant to his specific case.

Mr. Bauer does not exhibit any U.S.C. 3553(a) Risk Factors that are analyzed when granting Compassionate Release. In fact, his PATTERN Score is "Low." His Security Level is "Low." Let it be additionally noted that he would be a "Minimum" if it was not for the specific type of crime he is charged with. The only element of his PATTERN Score that takes him from a "Minimum" to a "Low" is his "Charge Type" criteria. When you combine this with the fact that he has had zero disciplinary infractions while in prison it makes Mr. Bauer a perfect candidate for Compassionate Release as it relates to the 3553(a) Risk Factors.

Lastly, we wanted to show that Mr. Bauer has completed the Federal BOP SOMP (Sex Offender Management Program) on a voluntary basis when he was at FCI Milan in Michigan. Mr. Bauer graduated with great ease. He was in the 2nd cadre to ever take this program at Milan.

He was so successful at this program that he became a mentor for the 3rd group of inmates to take this program at Milan. Additionally, Mr. Bauer has taken 3 other programs (as can be verified with his Unit Team) and he did a "Productive Activity" as defined by the First Step Act by working at Unicor for two (2) years as a Mig-Welder.

## H) CASE LAW CITED

Petitioner Bauer wants the Court to specifically point to the case of United States v. Dustin Murray, No 1:15-cr-00153-SEB-TAB, which is a case in the 7th Circuit to show the Court a prime example of a case that is nearly identical to Mr. Bauer's case. In this case Compassionate Release was **GRANTED**. You will see the very strong similarities (as it relates to the health aspects of his case) upon reading. Given that this case is also in the 7th Circuit (or has reciprocity with the 8th Circuit), there is no need for precedent adoption. This case sets the bar to the exact standard that Mr. Bauer is trying to reach in this motion.

Additionally, we ask that the court please see the following case, which has similarities to Mr. Bauer's case as well. This other case also provides more of the legal framework for this motion and the relief we are requesting. The additional case is as follows:

**Shegonee v. United States of America - No 14-CR-55-1-JPS-JPS | Denied**

We are citing this case specifically because we wanted to show where Mr. Shegonee was denied were the reasons that Mr. Bauer has already covered in spades (in regard to determining his eligibility). They have some elements of this case that are similar, but it is actually the weaknesses in this case that we want to point out here.

While being robust with case law is not necessary, but it is relevant to point to U.S. v. Murray, because it is a clear indicator of what is being sought in a case with striking similarities.

9

## I) CONCLUSION

Mr. Bauer is an incarcerated man who has been through the traumatic loss of life. He has lost everything given this case. He had a budding career as a firefighter. He had a great reputation in Bloomington, Illinois. He had a wife who trusted him. He has lost all these things that held value over one mistake. A mistake who he has already paid for to the tune of 61.7% of his total time served. A mistake that has also caused his body so much stress that he has developed a severe issue with his urinary system. A mistake that causes daily embarrassment due to the Colostomy Bag that must be strapped to his left leg no matter where he goes.

It goes without saying that Mr. Bauer's medical situation is extraordinary and compelling. He has a list of ailments, many of which, including Asthma, have been enough to get people Compassionate Release on those grounds alone. COVID-19 is still rampant throughout the United States. If Mr. Bauer were to contract this disease, his already weakened immune system would completely shut down resulting in, most likely, death.

Mr. Bauer has a great home to go back to. Please see Exhibit D. This is a joint letter from his parents who testify to his great character. His mother, Barbara Lilienthal suffered from Stage 2 Colon Cancer that is now in remission. His stepfather, Robert Lilienthal suffers from Heart Failure and Diabetes. His wife, Jessica Bauer, suffers from Anxiety and Depression. His wife is fully in support of his return as well. In fact, his return would aide in her recovery of her Anxiety and Depression as well.

There is nothing about Mr. Bauer's situation in prison - from his excellent programming record to the fact that he has zero disciplinary record - that shows he is not a viable candidate for Compassionate Release. All his 3553(a) factors actually weigh IN FAVOR of release. We want to point to the Court one simple fact: Mr. Bauer was on Pre-Trial Home Confinement for 19

months. He was sentenced to 78 months. 19 / 78 = 24.0%. This means that Mr. Bauer has actually served 85.7% of his time when you factor in his Home Confinement on Pre-Trial. He was not allowed to hold a job down on Pre-Trial and he was not allowed to leave his come. This Home Confinement is a form of incarceration. Furthermore, if Mr. Bauer was able to serve the equivalent of 24% of his sentence on Pre-Trial release with **NO ISSUES**, then it is clear to see that he is no threat to the community.

Mr. Bauer's medical situation is grave. His ailments, when looking at them in their totality, are largely responsible for a weak immune system that has caused a severe urinary tract issue. To allow a man, with no 3553(a) risk factors, to stay in prison with six (6) different ailments that are plaguing him is truly cruel and unusual punishment. We humbly ask that the Court grant Mr. Bauer Compassionate Release so that he can go home and receive the quality medical care he needs to lead and long and fruitful life.

Respectfully submitted,

*Thomas Bauer*

THOMAS BAUER
Reg. No. 22918-026
FCI Oxford
Federal Correctional Institution
P.O Box 1000
Oxford, WI 53952

# Exhibits

Exhibit A: Bureau of Prisons Health Services Medication Summary

Exhibit B: Trulincs Email to Associate Warden

Exhibit C: LifeStance Health Letter from Dr. Seth Hatelid

Exhibit D: Thomas Bauer Computation Report

# Bureau of Prisons
# Health Services
# Medication Summary
## Current as of 07/15/2024 11:18

| | | | | | |
|---|---|---|---|---|---|
| Complex: | OXF--OXFORD FCI | Begin Date: | N/A | End Date: | N/A |
| Inmate: | BAUER, THOMAS | Reg #: | 22918-026 | Quarter: | S02-001L |

**Medications listed reflect prescribed medications from the begin date to end date on this report.**

**Allergies:**            Denied

## Active Prescriptions

**Albuterol Inhaler HFA (8.5 GM) 90 MCG/ACT**
Don't use daily. Inhale 2 puffs by mouth 4 times a day as needed to prevent/relieve asthma attack (inhaler to last 90 days. If need more, make sick call)
**Rx#:** 596375-CP1    **Doctor:** Pass, Randall (MOUD) MD, NCR Regional Physician
**Start:** 02/02/24    **Exp:** 02/01/25    **Pharmacy Dispensings:** 17 GM in 164 days

**busPIRone 15 MG TAB**
Take one tablet (15 MG) by mouth twice daily for anxiety
**Rx#:** 596377-CP1    **Doctor:** Pass, Randall (MOUD) MD, NCR Regional Physician
**Start:** 02/02/24    **Exp:** 07/31/24    **Pharmacy Dispensings:** 360 TAB in 164 days

**Fluticasone/Salmeterol 250-50, #60 Inhal**
Inhale one puff by mouth twice daily *1. Activate device 2. Breathe out then place lips around mouthpiece and inhale quickly and deeply 3. Hold breath (about 10 seconds) 4. Rinse mouth*
**Rx#:** 596379-CP1    **Doctor:** Pass, Randall (MOUD) MD, NCR Regional Physician
**Start:** 02/02/24    **Exp:** 02/01/25    **Pharmacy Dispensings:** 420 INH in 164 days

**rOPINIRole HCl 0.5 MG Tab**
Take two tablets (1 MG) by mouth each evening
**Rx#:** 653326-CP1    **Doctor:** Pass, Randall (MOUD) MD, NCR Regional Physician
**Start:** 06/10/24    **Exp:** 06/10/25    **Pharmacy Dispensings:** 120 TAB in 35 days

**Sertraline HCl 100 MG Tab**
Take one tablet (100 MG) by mouth daily
**Rx#:** 615396-CP1    **Doctor:** Pass, Randall (MOUD) MD, NCR Regional Physician
**Start:** 03/19/24    **Exp:** 03/19/25    **Pharmacy Dispensings:** 150 TAB in 118 days

**Tamsulosin HCl 0.4 MG Cap**
Take one capsule (0.4 MG) by mouth daily
**Rx#:** 621436-CP1    **Doctor:** Coy, Matthew PA
**Start:** 04/02/24    **Exp:** 09/29/24    **Pharmacy Dispensings:** 120 CAP in 104 days

## Recently Expired Prescriptions

1:19-cr-10057-JES-JEH   # 49   Filed: 08/19/24   Page 14 of 19

| | | |
|---|---|---|
| Complex: OXF--OXFORD FCI | Begin Date: N/A | End Date: N/A |
| Inmate: BAUER, THOMAS | Reg #: 22918-026 | Quarter: S02-001L |

## Recently Expired Prescriptions

*Sulfamethoxazole/Trimeth 800mg /160mg tab*
*OXF- Take one tablet by mouth twice daily*

**Rx#:** 659405-CP1   **Doctor:** Shing, M. DO/CD
**Start:** 07/02/24   **Exp:** 07/05/24          **Pharmacy Dispensings:** 6 TAB in 3 days

```
TRULINCS 22918026 - BAUER, THOMAS - Unit: OXF-S-A
----------------------------------------------------------------------
FROM: 22918026
TO: Associate Warden
SUBJECT: ***Request to Staff*** BAUER, THOMAS, Reg# 22918026, OXF-S-A
DATE: 05/24/2024 02:30:16 PM

To: Warden Emerich
Inmate Work Assignment: Visit Room
```

I am requesting a compassionate release due to current untreated medical conditions. I am having an undiagnosed, untreated urinary issue with difficulty urinating requiring me to have a catheter. This condition is getting worse with blood and tissue in my urine. Nothing has been done for this.

Exhibit



# LifeStance HEALTH

January 20th, 2021

Re: Thomas Bauer (07/10/1984)

To Whom It May Concern:

My name is Dr. Seth Hatlelid and I am the Licensed Clinical Psychologist with whom Mr. Bauer has voluntarily chosen to work with following his arrest during a federal sting operation for internet sexual offenses. Mr. Bauer came to see me on 01/17/20 and has consistently seen me on a weekly basis for through to the present day. He has never skipped an appointment or been late, and he did call in one a single occasion for a severe headache. Mr. Bauer has consistently completed homework, worked on his issues, and attempted to learn from this experience.

While I no longer work with sex offenders on a regular basis, I performed sex offender evaluations for McLean County and co-facilitated sex offender treatment programs, including reunification trainings, for seven years before shifting the focus of my practice. In my experience, there is a difference between persons who are primarily sexually oriented to children and/or sexual violence and persons who have made poor decisions that have run afoul of the law, but who are not psychologically appropriate to be labeled or treated as sexual offenders. I have seen no evidence in the past year that Mr. Bauer is oriented towards underage women. He does not have a sexual history of dating younger women or using sexual violence/power and control inappropriately. What he does have is a history of ADHD that leads to impulsive decisions without fulling thinking through the consequences. He also has a history of affair behaviors with age-appropriate women. He has learned in therapy that dishonesty to his wife negatively affects their relationship and has lead her to be profoundly hurt by his actions. He is aware that she is a secondary victim of his poor sexual decisions. While these poor sexual decisions caused him to become ensnared into a federal sting, these behaviors do not reveal a pattern of illegal or pedophilic sexual behaviors.

In my time working with Mr. Bauer, he has remained fully compliant with the conditions of his probation, worked to understand how his loneliness and sexual affair behaviors have hurt himself and his relationship, is generally compliant with his ADHD medications (although he can improve in this area), and has made personal changes to improve his relationship with his wife.

He has not been on any dating websites or has tried to engage in any extramarital activities. He has engaged in appropriate hobbies (raising fish and pets, working on his vehicles) to stay busy during his probation. While he did not undergo a full sex offender evaluation, he did take a Static-99 and he came out as a low risk for sexual recidivism.

It is my professional opinion that Mr. Bauer is not sexually oriented to prepubescent children, does not have a history of sexual violence or inappropriate partners, and presents a low risk for sexual recidivism. It is my hope that any interventions be directed at managing his decision-making skills, decreasing loneliness and impulsivity, and improving his honesty and communication with his wife.

If you have any questions or concerns, please feel free to contact me directly at (309) 706-9532.

Respectfully Submitted,

*Seth Hatlelid, PsyD*

Seth Hatlelid, Psy.D. BCB
Licensed Clinical Psychologist
Lifestance Health, Ltd.

Exhibit: D

```
   OXFCV         *        PUBLIC INFORMATION        *    07-24-2024
 PAGE 003 OF 003 *            INMATE DATA           *    11:21:01
                           AS OF 07-24-2024


REGNO..: 22918-026 NAME: BAUER, THOMAS

                     RESP OF: OXF
                     PHONE..: 608-584-5511   FAX: 608-584-6314
-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-29-2021 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-10-2021 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-20-2021
TOTAL TERM IN EFFECT............:    78 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     6 YEARS       6 MONTHS
EARLIEST DATE OF OFFENSE........: 11-02-2019

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    11-03-2019    11-06-2019

TOTAL PRIOR CREDIT TIME.........: 4
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 351
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 01-29-2027
ELDERLY OFFENDER TWO THIRDS DATE: 11-15-2025
EXPIRATION FULL TERM DATE.......: 01-15-2028
TIME SERVED.....................:     3 YEARS       9 DAYS
PERCENTAGE OF FULL TERM SERVED..: 46.5
PERCENT OF STATUTORY TERM SERVED: 54.5

PROJECTED SATISFACTION DATE.....: 01-29-2027
PROJECTED SATISFACTION METHOD...: GCT REL




G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

